2005-NMCA-014

105 P.3d 341

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Paul RECTOR, Defendant–Appellant.**

**No. 24,210.**

Court of Appeals of New Mexico.

Dec. 3, 2004.

Certiorari Denied, No. 29,006,
Jan. 24, 2005.

Patricia A. Madrid, Attorney General, Arthur W. Pepin, Assistant Attorney General, Santa Fe, NM, for Appellee.

John Bigelow, Chief Public Defender, Jennifer Byrns, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

VIGIL, Judge.

{1} Defendant appeals the district court's denial of his motion to suppress cocaine discovered in his possession by officers of the Albuquerque Police Department. He argues that the district court erred in denying his motion because (1) the police lacked the reasonable suspicion necessary for an investigatory stop, and (2) the police discovered the cocaine in his possession as a result of an unconstitutional seizure of his person. We hold that Defendant was not seized pursuant to the Fourth Amendment until after he discarded the cocaine in his possession, and therefore, the cocaine was not the fruit of an unlawful seizure of Defendant's person. We therefore affirm the district court.

## BACKGROUND

{2} In early May 2001, the Albuquerque Police Department received a complaint of suspected drug activity based on heavy foot traffic into and out of a house on Columbia

Southeast. Based on the complaint, Officer Barela and Sergeant Ferner initiated undercover surveillance of the house. Officer Barela and Sergeant Ferner observed heavy foot traffic in the alleyway behind the house. Individuals entered the rear door of the house, remained inside for two to four minutes, and then left. During the surveillance of the house, Officer Barela and Sergeant Ferner stopped approximately fifty people who were seen visiting the house; approximately half were arrested for possession of narcotics.

{3} In the early morning hours of May 19, 2001, Officer Barela and Sergeant Ferner were seated in an unmarked van parked in the alleyway behind the house. Officer Barela observed Defendant, whom he recognized from a prior encounter, walking northbound in the alley. After Defendant walked past Officer Barela and Sergeant Ferner on the morning of May 19, Officer Barela observed him enter the house. Defendant remained inside for approximately four minutes. Officer Barela and Sergeant Ferner decided to stop and talk to Defendant if he turned southbound after exiting the house and passed their van. After Defendant exited the house, he walked southbound toward the officers. After Defendant passed him, Officer Barela stepped out behind Defendant. Officer Barela then turned on his flashlight, stated that he was with the police department, addressed Defendant by his first name and told Defendant that he and Sergeant Ferner wished to speak with him. In response, Defendant began running down the alley. Officer Barela and Sergeant Ferner pursued Defendant and as they did so, Officer Barela noticed that Defendant was holding something in his right hand. As the officers caught Defendant, Officer Barela observed him throw an object to the ground. Officer Barela subsequently apprehended Defendant and handcuffed him. Sergeant Ferner examined the area where Defendant had dropped the object and discovered a rock of crack cocaine.

## STANDARD OF REVIEW

{4} The appropriate standard of review is "whether the law was correctly applied to the facts, viewing them in a manner most favorable to the prevailing party." *State v. Jason L.*, 2000–NMSC–018, ¶ 10, 129 N.M. 119, 2 P.3d 856 (internal quotation marks and citation omitted). We must defer to the district court's findings of fact to the extent that they are supported by substantial evidence. *Id.* However, we will engage in de novo review of the district court's application of the law to the facts. *State v. Walters*, 1997–NMCA–013, ¶ 8, 123 N.M. 88, 934 P.2d 282.

## DISCUSSION

{5} The Fourth Amendment of the United States Constitution protects against unreasonable searches and seizures. U.S. Const. amend. IV. The New Mexico Constitution also protects against unreasonable searches and seizures. N.M. Const. art. II, § 10. However, because Defendant does not argue that the New Mexico Constitution affords him greater protection than the United States Constitution, we review his appeal only under the Fourth Amendment. *Jason L.*, 2000–NMSC–018, ¶ 9, 129 N.M. 119, 2 P.3d 856; *see also Walters*, 1997–NMCA–013, ¶ 9, 123 N.M. 88, 934 P.2d 282 (stating because the defendant "advances no separate analysis under the New Mexico Constitution, nor does he argue that the state constitution affords any greater protection in this respect than the United States Constitution" the court will "limit [its] analysis to the Fourth Amendment").

{6} A person is seized for purposes of the Fourth Amendment "[o]nly when the officer, by means of physical force or show of authority, has in some way restrained the liberty" of that person. *Walters*, 1997–NMCA–013, ¶ 12, 123 N.M. 88, 934 P.2d 282 (quoting *Terry v. Ohio*, 392 U.S. 1, 19 n. 16, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). However, a seizure "requires either physical force . . . or, where that is absent, submission to the assertion of authority." *Cal. v. Hodari D.*, 499 U.S. 621, 626, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991) (emphasis omitted). Because Defendant neither submitted to authority nor was restrained by physical force until after the cocaine in his possession was discarded, we hold that the cocaine was not

the fruit of a seizure of Defendant under the Fourth Amendment.

{7} In *Hodari D.,* two plain clothes police officers driving an unmarked car approached a group of youths. Upon seeing the officers' car approaching, the group rapidly dispersed, running in all directions. One of the officers exited the patrol car and began chasing Hodari D. As he was being pursued, Hodari discarded a small rock of cocaine. The officer subsequently tackled Hodari and recovered the rock of cocaine. 499 U.S. at 622–23, 111 S.Ct. 1547. Before the Supreme Court, Hodari argued that the officer's pursuit constituted a seizure. The Court rejected his argument and held that he was not seized until he was physically apprehended by the pursuing officer. *Id.* at 629, 111 S.Ct. 1547. Because Hodari threw the cocaine before being tackled, its recovery was not the result of a seizure. *Id.*

{8} The facts presently here are substantially similar to those in *Hodari D.* Defendant neither submitted to the officers' show of authority nor was he physically restrained until he was grabbed and handcuffed by Officer Barela, and he dropped the cocaine prior to being physically apprehended. Therefore, under the rule established in *Hodari D.,* Defendant's encounter with the police was not a seizure under the Fourth Amendment until after Sergeant Ferner recovered the evidence Defendant seeks to suppress.

■ {9} Accordingly, we find the cocaine Defendant seeks to suppress is not the fruit of a seizure and the district court properly denied Defendant's motion to suppress. Although the district court's denial was based on its conclusion that Officer Barela and Sergeant Ferner had reasonable suspicion to support a stop of Defendant, we "will affirm the trial court if it is right for any reason." *State v. Lovato,* 112 N.M. 517, 521, 817 P.2d 251, 255 (Ct.App.1991) (citation omitted). Because we find that Officer Barela and Sergeant Ferner discovered cocaine in Defendant's possession without seizing him under the Fourth Amendment, we need not reach Defendant's argument that the officers lacked reasonable suspicion to stop him.

## CONCLUSION

{10} We hold that Officer Barela and Sergeant Ferner did not acquire the cocaine evidence Defendant seeks to suppress by violating Defendant's Fourth Amendment rights. We therefore affirm the district court's denial of Defendant's motion to suppress.

{11} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE and IRA ROBINSON, Judges.